RUDOLPH LINDEMANN, PLAINTIFF-RESPONDENT, v. F. W. WOOLWORTH COMPANY, A CORPORATION, DEFENDANT-APPELLANT; WASHINGTON DEVELOPMENT COMPANY, A CORPORATION, S. S. KRESGE COMPANY, A CORPORATION, AND BERWICK CORPORATION, DEFENDANTS.

Argued October 4th, 1938—Decided January 30, 1939.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the defendant-appellant, *Carey & Lane (Robert Carey, Harry Lane* and *David Pindar).*

For the plaintiff-respondent, *Collins & Corbin (Edward A. Markley, James B. Emory* and *Fred A. Hauser).*

Bodine, J. The defendant appeals from a judgment in favor of the plaintiff by reason of personal injuries suffered in the early morning of February 10th, 1935, because of a fall occasioned by alleged faulty construction of a sidewalk abutting premises leased by the defendant in Hoboken, New Jersey. The defendant occupies a store building on Washington street. Bloomfield street, where the accident occurred, is in the rear. The houses formerly standing on this street in the rear of the store premises were taken down some years ago. A fence of iron and wire was erected on the building line. A concrete driveway of the width of eighteen feet ten inches leads into the yard. A sidewalk nine feet wide from the curb was also constructed at sometime. A space nine feet ten inches wide between the sidewalk and the fence was partially filled with cinders by a predecessor in title. The level of this space was from three to four inches below the level of the rest of the sidewalk. Plaintiff testified that on the morning of the accident, there being a light fall of snow, his foot slipped into the declivity due to inequalities of levels and materials and injuries were sustained.

Appellant argues that the trial judge erred in denying motions for nonsuits and in refusing to direct a verdict in favor of the defendant. We think not. It was open to the jury to find that the construction was faulty and dangerous. "A tenant is liable for injuries sustained by a third person because of a defectively constructed sidewalk." *Glass* v. *American Stores Co., Inc.,* 110 *N. J. L.* 152. It was there held that the rule which frees the owner and occupant of liability, because of wear and tear, is not applicable to a situation where a sidewalk was badly constructed and continued.

Appellant contends that a tenant for years is not liable for a continuance of a nuisance in a sidewalk placed therein by the landlord. *Krieg* v. *Timken* (areaway), 102 *N. J. L.* 307; *McLaughlin* v. *Hackensack Food Center, Inc.* (valve box for water line), 119 *Id.* 299. Certainly that is so where there has been no change in the demised premises during the tenant's occupancy and he has no authority to make alterations of the premises and abutments.

In *Durant* v. *Palmer,* 29 *N. J. L.* 544, both the owner and occupant were regarded as liable for the continuance of a nuisance in the sidewalk. See, also, *McKeown* v. *King,* 99 *N. J. L.* 251, where a tenant was liable for permitting a drain cover to become out of repair.

In the present case the lease was for twenty-one years and the defendant must have had control of the repair of the sidewalk, because shortly after the accident it obtained a permit from the city to make repairs, and did concrete the entire walk. The jury might well find on these proofs, as they did, that the defendant continued the nuisance when it could have altered the situation. *Garvey* v. *Public Service Transport,* 115 *N. J. L.* 280. Of course, there would have been no obligation to abate the nuisance if by so doing liability to the landlord would have been incurred. *Krieg* v. *Timken, supra.* The lease was offered in evidence, but an objection thereto by the defendant was sustained. We cannot tell what provision it contained, but it is not to be assumed that it contained provisions negativing the obligation apparent from the testimony, as to the subsequent repair, which was received for the limited purpose of showing obligation with respect thereto.

We have examined the other points argued by the appellant and think they are without merit.

The judgment is affirmed, with costs.